```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

TYRONE ROCKEMORE,                    No. 1:21-cv-11118-NLH-SAK

        Plaintiff,

    v.                              **MEMORANDUM OPINION AND ORDER**

RITE AID CORP.,

        Defendant.

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Tyrone Rockemore, appearing *pro se*, filed a complaint against Defendant Rite Aid Corp. on May 12, 2021 (ECF No. 1); and

    WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application) (ECF No. 1-2); and

    WHEREAS, pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

    WHEREAS, Plaintiff's IFP application shows that he has a monthly income of approximately $2,000 dollars and monthly expenses of approximately $1,800, with no other assets, and an individual who relies upon him for support (ECF No. 1-2); and

    WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v.

Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes

by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, a district court may *sua sponte* dismiss a claim under § 1915(e) when the fact that it is barred by a statute of limitations or was not timely filed is clear on the face of the complaint, see Webb v. Perkiomen Sch., 349 F. App'x 675, 676 (3d Cir. 2009) ("Although the statute of limitations is an affirmative defense, a district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required."); see also McPherson v. United States, 392 F. App'x 938, 943 (3d Cir. 2010) (affirming a court's *sua sponte* dismissal upon a § 1915(e)(2) screening where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations"); and

WHEREAS, Plaintiff asserts as the basis for his complaint the Fourteenth Amendment of the United States Constitution, and a separate, illegible Amendment that appears to be either the First or Seventh Amendment, which this Court interprets as claims under 42 U.S.C. § 1983 for violations of his rights under those amendments; and

3

WHEREAS, Plaintiff's claims appear to be based on his allegation that he was stabbed by unknown individuals outside of a Rite Aid store, and Rite Aid employees and security did nothing to stop the attack despite having witnessed a preceding incident within the store in which the unknown attackers confronted Plaintiff; and

WHEREAS, to state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed or caused by a person acting under color of state law, West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); and

WHEREAS, Plaintiff's complaint fails to allege in any way that Rite Aid or any Rite Aid employees were acting under color of state law, and further fails to allege how the actions of Rite Aid and its employees constitute violations of his rights under the First, Seventh, or Fourteenth Amendments; and

WHEREAS, while Plaintiff's complaint elsewhere appears to reference the City of Camden, New Jersey as a potential defendant, he fails to include any allegations whatsoever regarding the city or any city officials or employees; and

WHEREAS, the Court therefore finds that Plaintiff's complaint fails to adequately state a claim under § 1983;

THEREFORE,

IT IS on this 21st day of June, 2021

ORDERED that Plaintiff's IFP application (ECF No. 1-2) be, and the same hereby is, GRANTED, and the Clerk of Court is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED; and it is further

ORDERED that the Clerk of the Court shall mark this case as CLOSED; and it is further

ORDERED that Plaintiff may move to amend his complaint within 30 days of this Order to cure the deficiencies outlined above, and the Clerk of the Court is hereby directed to reopen this case if a motion to amend the complaint is filed.


At Camden, New Jersey  /s Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.